## THE NEW YORK AND GREENWOOD LAKE RAILROAD COM- PANY

*v.*

## THE HEIRS OF HENRY STANLEY.

A master was directed to ascertain and report the value of certain lands taken by a railroad company for its right of way, and the consequent damage to the owner's adjacent lands, as of the time when the company took the land.— *Held*, that the land covered by a public road, which was laid out through the land taken by the company, after the company had taken it, should not be excepted.

On exceptions to master's report.

*Messrs. C. & R. Wayne Parker*, for exceptants.

*Mr. S. G. Potts* and *Mr. W. I. Shreve, contra.*

THE CHANCELLOR.

By the order of reference it was referred to the master to take testimony, ascertain and report to the court as to the following matters : the value of the land taken by the railroad company for its right of way, and the amount of the damages done to the adjacent lands of the defendants by the taking of that land, and also the cost of making and maintaining the fences ; and

he was directed to assess those items of value of land and damages as of the time when the land was taken, and of the cost of the fence as of the time when the fence was made, and allow interest at the legal rate from those times, respectively, to the date of his report. To his report the complainant excepts, on the ground that the amount he has reported as the value of the land taken and for the damages is excessive, and that in making the estimate of the former, he has not excepted part of the land which has been taken for a public road, but has allowed the defendants compensation therefor; and also because he has allowed for fencing on the east side of the land taken for the right of way, although no fence has ever been erected there.

The order of reference requested him to report the value of the land as of the time when the land was taken, which was in or about February, 1870. The public road above mentioned was not laid out until 1871 or 1872. The master did right in conforming his report to the requirements of the order. The exception taken on the ground that he did not exclude the land taken for the road, must therefore be overruled.

Nor can the other exceptions be sustained. The estimates in the evidence of the value of the land and damages are various and conflicting, but the master has reached a conclusion on the subject, which is fully in accordance with the weight of the testimony, and is just and fair. As to the fencing, the counsel of the parties agreed before the master, as appears by the record, that "the fencing should be computed at one hundred and eighty-six panels, along the line of the road," and the master so computed it.

The railroad cut off a tract of about four acres from the rest of the farm, and it was proper to include, in the damages, the cost of fencing on both sides of the railroad. In the agreement set out in the bill, the company agreed to make and maintain a fence on each side. The master has allowed for the making of the fence only, and has made no allowance for maintaining it. The defendants made the fence on the west side of the railroad, and have maintained it, but none has been made on the east side. The master has allowed the cost of the fence on the west side,

and interest thereon to the date of the report, but has allowed only the cost of making the fence on the east side, so that he has made no provision for maintaining the fence. But there are no exceptions on the part of the defendants. The exceptions will be overruled, with costs.